Marni Rubin-Watkins, Esq.
Nevada Bar No. 9674
FIDELITY NATIONAL LAW GROUP
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
Telephone: (702) 667-3000
Fax: (702) 697-2020
Email: marni.watkins@fnf.com
Attorneys for Federal Home Loan Mortgage Corporation

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MILLIE ESPOSITO, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MARIE HEILBERG, an individual, PATRICIA ANN BASCOM, an individual, LAWYERS TITLE OF NEVADA, INC., a Nevada corporation, PAULA L. DIFULVO, an individual, NATIONAL ALLIANCE TITLE COMPANY, a Nevada corporation, TAYLOR, BEAN AND WHITAKER, a Nevada corporation, SUNTRUST MORTGAGE, INC., a Nevada corporation, FEDERAL HOME LOAN MORTGAGE CORPORATION, a governmental or business entity, form unknown, DOE individuals, I-X, inclusive; ROE business entities XI-XX, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:11-cv-00958-PMO-RJJ<br><br>**FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED** |

### FEDERAL HOME LOAN MORTGAGE COPRORATION'S MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED

NOW COMES, Defendant FEDERAL HOME LOAN MORTGAGE CORPORATION'S ("FHLMC"), by and through their attorneys of record FIDELITY NATIONAL LAW GROUP, pursuant to the Federal Rules of Civil Procedure, specifically Rules36, and for the reasons set

Fidelity National
Law Group
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
(702) 667-3000

Page 1 of 8

forth in the Memorandum in Support and affidavit of Marni Rubin Watkins, Esq. attached hereto and made a part hereof, moves this Court to deem its Requests for Admissions admitted.

DATED this 7th day of February, 2012.

FIDELITY NATIONAL LAW GROUP

Marni Rubin-Watkins, Esq.
Nevada Bar No. 9674
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
Attorneys for Federal Home Loan Mortgage Corporation

**AFFIDAVIT OF MARNI RUBIN WATKINS, ESQ. PURSUANT TO LOCAL RULE 26-7**

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK      )

MARNI RUBIN WATKINS, being duly sworn, deposes and says

1. That I am a duly licensed attorney in the State of Nevada, and counsel for Federal Home Loan Mortgage Corporation ("FHLMC") in the above-captioned matter.

2. FHLMC sent Plaintiff FHLMC's First Set of Requests for Admissions, First Set of Interrogatories and First Set of Requests for Production on November 18, 2011.

3. On December 1, 2011, FHLMC sent Plaintiff their Second Set of Requests for Production and Second Set of Interrogatories.

4. On November 12, 2012, FHLMC noticed Plaintiff's deposition for January 5, 2012, expecting to have received Plaintiff's responses to FHLMC's discovery by that date.

5. On or about December 14, 2011, Plaintiff's counsel contacted me and asked for an extension to respond to FHLMC's discovery requests. I responded that I would grant an extension but would need to move Plaintiff's deposition and wanted the responses prior to deposing Plaintiff. Plaintiff's counsel and I agreed to an extension until January 3, 2012.

6. On January 3, 2012, Plaintiff's counsel contacted me and requested an extension to respond to our discovery requests yet again. I granted an extension until January 17, 2012. This

Fidelity National
Law Group
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
(702) 667-3000

Page 2 of 8

1  conversation was confirmed in a correspondence dated January 3, 2012. *See* **Exhibit A,**
2  **Correspondence dated January 3, 2012.**
3  7.  Because of the extension on Plaintiff's responses to discovery, I moved Plaintiff's
4  deposition to January 31, 2012. *See* **Exhibit B, Amended Notice of Deposition.**
5  8.  On January 13, 2012, Ashley from Plaintiff's counsel's office contacted my paralegal,
6  Jennifer O'Brien, and asked for an additional extension to respond to our discovery requests. We
7  agreed to an extension until January 23, 2012. This was confirmed in an email. *See* **Exhibit C,**
8  **Email dated January 13, 2012.**
9  9.  During the January 13, 2012 phone call, my paralegal, with me standing next to her, made
10 it clear that this would be the last extension as we need to move forward with discovery and
11 Plaintiff's deposition.
12 10. The morning of January 24, 2012, I checked my voicemail and heard a message from
13 Plaintiff's counsel that was left after I had left the office on January 23, 2012, stating that she
14 cannot get me the responses and assumes that an additional extension is acceptable.
15 11. Upon receiving Plaintiff's counsel's voicemail message, I called Plaintiff's counsel's
16 office and asked to speak with Elizabeth Ashley. I was told she was unavailable and to leave a
17 message. I did so and followed up this message with a correspondence stating that an extension
18 was not acceptable and that she should email me her responses that day. *See* **Exhibit D, Email**
19 **dated January 24, 2012.**
20 12. I never received a response.
21 13. On January 31, 2012, I called the Ashley Law Group a second time and asked to speak
22 with Elizabeth Ashley. I was told that she was unavailable and to leave a message.
23 14. I left a message asking her to call me back pursuant to Local Rule 26-7 regarding her
24 responses to FHLMC's discovery.
25 15. This message was followed-up by a correspondence requesting responses on or before
26 Friday February 2, 2012 and stating that the Requests for Admissions are deemed admitted and
27 all objections are waived. *See* **Exhibit E, Correspondence dated January 31, 2012.**
28 16. On February 2, 2012, I received an email from the Ashley Law Group attaching the

**Fidelity National**
**Law Group**
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
(702) 667-3000

discovery responses including their late responses to FHLMC's Requests for Admissions. There was no explanation or apology. *See* **Exhibit F, February 2, 2012 email.**

17.   Plaintiff's failure to timely respond to FHLMC's requests for admissions has mandated Court intervention in order to proceed.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
MARNI RUBIN WATKINS, ESQ.

SUBSCRIBED AND SWORN to before me
This 7th day of February, 2012.

_____
NOTARY PUBLIC in and for said State and County.

[Notary Seal: NOTARY PUBLIC STATE OF NEVADA, County of Clark, DOROTHY M SWEET, Appt No 93-1250-1, My Appt. Expires April 30, 2012]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND FACTS

On November 18, 2011, counsel for FHLMC, served Plaintiff's counsel with Defendant's First Set of Requests for Admissions, attached hereto as **Exhibit G,** First Set of Interrogatories, attached hereto as **Exhibit H,** First Set of Requests for Production, attached hereto as **Exhibit I.**

The following Requests for Admissions were set forth therein:

**REQUEST NO. 1**

Admit that Carmen Esposito was responsible for your household finances prior to his passing in May of 2007.

**REQUEST NO. 2**

Admit that Marie Heilberg is your daughter.

**REQUEST NO. 3**

Admit that you never had any communications with anyone from Federal Home Loan Mortgage Corporation/Freddie Mac.

**REQUEST NO. 4**

Admit that any communications that you had regarding the subject loan was by and between your attorney and Federal Home Loan Mortgage Corporation's attorney.

**REQUEST NO. 5**

Admit you deferred all of the household finances and business dealings to your husband while he was alive.

**REQUEST NO. 6**

Admit you deferred all of the household finances and business dealings to your daughter Marie Heilberg after your husband passed away.

**REQUEST NO. 7**

Admit that you authorized Marie Heilberg to act as your agent regarding all household finances.

**REQUEST NO. 8**

Admit that you knew Marie Heilberg was making payments on the Taylor Bean & Whitaker loan for approximately one year.

Plaintiff's responses to the discovery requests, including the Requests for Admissions were due on December 18, 2011.

On December 1, 2011, FHLMC sent Plaintiff their Second Set of Requests for Production and Second Set of Interrogatories. On November 12, 2012, FHLMC noticed Plaintiff's deposition for January 5, 2012, expecting to have received Plaintiff's responses to FHLMC's discovery by that date.

On or about December 14, 2011, Plaintiff's counsel contacted counsel for FHLMC and asked for an extension to respond to FHLMC's discovery requests. Counsel for FHLMC agreed to grant this extension but explained to Plaintiff's counsel that Plaintiff's deposition would need to be moved as receipt of these discovery responses is necessary prior to proceeding with Plaintiff's deposition. An extension until January 3, 2012, was agreed upon by both parties.

On January 3, 2012, Plaintiff's counsel contacted counsel for FHLMC yet again and requested an additional extension to respond to FHLMC's discovery requests. The extension

Fidelity National
Law Group
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
(702) 667-3000

Page 5 of 8

1  was reluctantly granted until January 17, 2012.  This conversation was confirmed in a
2  correspondence dated January 3, 2012. *See* **Exhibit A, Correspondence dated January 3,**
3  **2012.**  Because of the extension on Plaintiff's responses to discovery, Plaintiff's deposition was
4  moved to January 31, 2012.  *See* **Exhibit B, Amended Notice of Deposition.**

5  On January 13, 2012, Ashley from Plaintiff's counsel's office contacted Jennifer O'Brien,
6  the paralegal at defense counsel's office and asked for an additional extension to respond to
7  FHLMC's discovery requests.  FHLMC's counsel agreed to an extension until January 23, 2012.
8  This was confirmed in an email. *See* **Exhibit C, Email dated January 13, 2012.**  During the
9  January 13, 2012 phone call Jennifer O'Brien made it clear to Plaintiff's counsel that this would
10 be the last extension as we need to move forward with discovery and Plaintiff's deposition.

11 On the morning of January 24, 2012, counsel for FHLMC received a voicemail from
12 Plaintiff's counsel stating that she cannot get me the responses and that she presumes that an
13 additional extension is acceptable.  Upon receiving Plaintiff's counsel's voicemail message,
14 counsel for FHLMC called Plaintiff's counsel's office and asked to speak with Elizabeth Ashley,
15 Esq. The secretary at Ms. Ashley's office informed counsel for FHLMC that Ms. Ashley was
16 unavailable and to leave a message.  Defense counsel left a message and followed up this
17 message with a correspondence stating that an extension was not acceptable and that she should
18 email me her responses that day.  *See* **Exhibit D, Email dated January 24, 2012.**

19 Plaintiff failed to respond to the First Set of Requests for Admissions, the First Set of
20 Interrogatories, the First Set of Requests for Production, the Second Set of Interrogatories and the
21 Second Set of Requests for Production.

22 On January 31, 2012, counsel for FHLMC called the Ashley Law Group a second time
23 and asked to speak with Elizabeth Ashley, Esq.  The secretary at Plaintiff's office informed
24 defense counsel that Ms. Ashley was not available and to leave a message.  Defense counsel left
25 a message stating that the call was pursuant to Local Rule 26-7 and regarding her responses to
26 FHLMC's discovery. This message was followed-up by a correspondence requesting responses
27 on or before Friday February 2, 2012 and stating that the Requests for Admissions are deemed
28 admitted and all objections are waived. *See* **Exhibit E, Correspondence dated January 31,**

Fidelity National
Law Group
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
(702) 667-3000

2012.

As set forth above, Plaintiff has failed to timely respond the FHLMC's Requests for Admissions. Therefore, as discussed below, the Requests for Admissions should be deemed admitted. Additionally, Plaintiff has failed to respond to FHLMC's First Set of Interrogatories, First Set of Requests for Production, Second Set of Interrogatories, and Second Set of Requests for Production. Therefore, as discussed below, an order compelling Plaintiff's responses should be issued as well as payment of the attorney's fees and costs incurred in trying to obtain these responses.

## II. LAW AND ARGUMENT

**Plaintiff's Requests for Admissions Should Be Deemed Admitted**

Plaintiff's Requests for Admissions should be deemed admitted. Fed. R. Civ. P. 36(a)(3) provides as follows:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Pursuant to Fed. R. Civ. P. 36(b), the matters are "conclusively established" for purposes of this action. Fed. R. Civ. P. 36(b). *See also Layton v. International Ass'n of Machinists and Aerospace Workers,* 285 Fed. Appx. 340 (9th Cir. 2008) ("There is no dispute that Layton did not respond on time; the facts were thus admitted without the need for any further action by the court or the parties."); *Conlon v. United States,* 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.").

The Requests for Admissions were served on November 18, 2011. FHLMC granted Plaintiff a number of extensions to respond to these Requests for Admissions. The final extension set the deadline for Plaintiff's responses on January 23, 2012. Plaintiff and/or her Attorney have failed to respond to FHLMC's First Set of Requests for Admissions. Therefore the fact that (1) Carmen Esposito was responsible for Plaintiff's household finances prior to his passing in May of 2007; (2) Maria Heilberg is Plaintiff's daughter; (3) Plaintiff never had any

Fidelity National
Law Group
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
(702) 667-3000

Page 7 of 8

communications with anyone from Federal Home Loan Mortgage Corporation/Freddie Mac.; (4) Any communications Plaintiff had regarding the subject loan was by and between Plaintiff's attorney and Federal Home Loan Mortgage Corporation's attorney; (5) Plaintiff deferred all of the household finances and business dealing to your husband while he was alive; (6) Plaintiff deferred all of the household finances and business dealings to her daughter Maria Heilberg after Plaintiff's husband passed away; (7) Plaintiff authorized Maria Heilberg to act as Plaintiff's agent regarding all household finances; (8) Plaintiff knew that Maria Heilberg was making payments on the Taylor Bean & Whitaker loan for approximately one year should be deemed admitted for purposes of this case.

### III. CONCLUSION

For the foregoing reasons, FHLMC respectfully requests that this Court enter an order that FHLMC's Requests for Admissions are deemed admitted.

DATED this 7th day of February, 2012.

FIDELITY NATIONAL LAW GROUP

_____
Marni Rubin-Watkins, Esq.
Nevada Bar No. 9674
2450 St. Rose Pkwy., Ste. 150
Henderson, Nevada 89074
Attorneys for Federal Home Loan Mortgage Corporation

### CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the foregoing **FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties listed as CM/ECF registrants, or to the following non-registrants by U.S. Mail, on the date below shown.

Elizabeth S. Ashley, Esq.
ASHLEY LAW GROUP, INC.
1880 E. Warm Springs Rd., Ste. 130
Las Vegas, Nevada 89119
Attorney for *Plaintiff*

DATED: 2·7·2012

_____
An employee of Fidelity National Law Group