# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MILLIE ESPOSITO, ) | |
|       Plaintiff, ) | Case No. 2:11-cv-00958-PMP-CWH |
| vs. ) | **ORDER** |
| MARIE HEILBERG, *et al.*, ) | |
|       Defendants. ) | |

      This matter is before the Court on Defendant Federal Home Loan Mortgage Corp.'s Motion to Deem Requests for Admissions Admitted (#51), filed February 7, 2012.

      Defendant served its first set of requests for admission on November 18, 2011. Defendant claims that it granted Plaintiff an extension to respond to discovery requests, including the requests for admissions, until January 3, 2012. Defendant granted Plaintiff a second extension agreeing to move the response date for outstanding discovery to January 17, 2012. *See* Ex. A attached to Def.'s Mot. (#51). As a result of the extension, Defendant moved Plaintiff's deposition to January 31, 2012. *See* Ex. B. On January 13, 2012, Plaintiff requested and received an additional extension to respond to outstanding discovery requests by January 23, 2012. *See* Ex. C. Defendant's counsel claims that it was made clear to Plaintiff's counsel that no further extensions would be granted.

      On January 24, 2012, Defendant's counsel claims that Plaintiff's counsel left a voicemail stating that she could not get the responses and assumed an additional extension was acceptable. *See* Decl. of Marni Rubin-Watkins ("Watkins Decl.") at ¶ 10. Upon receiving the message, Defendant's counsel attempted to contact Plaintiff's counsel via telephone, but was told that Plaintiff's counsel was unavailable. Accordingly, Defendant's counsel sent Plaintiff's counsel an email outlining the prior extensions and stating there would be no further extension granted. *See* Ex. D. Defendant's counsel requested that responses be sent that day and noted that "all objections have been waived due to

untimely responses." *Id*. On January 31, 2012, having not heard from Plaintiff's counsel, Defendant's counsel again attempted to call Plaintiff's counsel, but the effort was to no avail. *See* Watkins Decl. at ¶¶ 13-14.   Defendant's counsel also sent Plaintiff's counsel a letter requesting verified responses to the outstanding discovery by February 2, 2012, and noting the Rule 36 requests for admissions "are deemed admitted." *See* Ex. E.  On February 2, 2012, Plaintiff's counsel sent Defendant's counsel responses to the outstanding discovery and the Rule 36 requests for admissions via email.

## DISCUSSION

By way of this motion, Defendant Federal Home Loan Mortgage Corp. requests that the Court enter an order "deeming" Rule 36 requests for admissions admitted due to Plaintiff's failure to timely respond.  Federal Rule of Civil Procedure 36(a)(3) provides:

> A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

By operation of Rule 36, requests for admissions are automatically deemed admitted when a party fails to timely respond. *See Employer Painters Welfare Trust v. Atlas Drywall & Painting, LLC*, 2011 WL 5041215 (D. Nev.).

Pursuant to Rule 36(b), a matter admitted is deemed "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).  Withdrawal or amendment of a Rule 36 admission "is permissive, not mandatory." *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted).  "In order to have an admission withdrawn, the moving party need not provide an explanation or excuse for the failure to serve timely responses." *Carden v. Chenega Security & Protections Services, LLC*, 2011 WL 1344557 (E.D. Cal.).  Rather, the court's discretion is exercised "in terms of the affect upon the litigation and prejudice to the resisting party." *Id*. (citation omitted).  The Ninth Circuit has determined that relief from a deemed admission is appropriate only when (1) presentation of the merits of the action must be subserved and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *Conlon*, 474 F.3d at 622 (citation omitted). "The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001) (citing

*Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The provision for withdrawal amendment specifically provides parties with a potential safe harbor, but "[a] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *Conlon*, 474. F.3d at 622-23 (citing *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983).

Here, there is no question that responses to the Rule 36 requests for admissions were untimely. By operation of Rule 36, the requests for admissions are automatically deemed admitted. Thus, even though a motion to deem admissions admitted is superfluous in the face of untimely responses, the Court will grant the motion. The burden now falls upon Plaintiff to file a motion under Rule 36(b) to requests that the deemed admissions be withdrawn or amended.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Federal Home Loan Mortgage Corp.'s Motion to Deem Requests for Admissions Admitted (#51) is **granted**.

Dated this 13th day of February, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**